STATE, THOMAS R. HUNT, PROSECUTOR, v. COMMON COUN-
CIL OF THE CITY OF LAMBERTVILLE.

Under the charter of the city of Lambertville, (*Pamph. L.* 1868, *p.* 951,) authority to build a sewer along a public street in the city cannot be granted to private persons except by ordinance.

On *certiorari.*

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the prosecutor, *John Lilly* and *James Wilson.*

For the defendant, *J. P. Stockton, Attorney-General.*

The opinion of the court was delivered by

DIXON, J. The *certiorari* brings up for review the following resolution, passed by the council September 4th, 1882:

Hunt v. Lambertville.

" That the request of the petitioners be granted under the following conditions, viz. :

" That they be allowed, at their own expense, to lay a terracotta sewer from a point in the middle of Gordon's alley, along the south side of Bridge street, to a point, say fifty feet, from the west side of Main street; thence diagonally across Main street and connecting with the Main street sewer at a point on the south side of Bridge street; that they, or others, be allowed to make water-closet or other connections with the same, only on conditions that they sign an agreement that in case, at any future time, after a trial of six months, such connections cause any unpleasant or deleterious odors, or if it be found to affect the health of any part of the city, they cut off such connections immediately upon notice from city council."

The petition referred to is as follows :

" LAMBERTVILLE, July 3d, 1882.

" *To the Honorable the President and Members of the Common Council of the City of Lambertville :*

" The undersigned freeholders on Bridge street would very respectfully submit for your favorable consideration that a sewer be laid on Bridge street, said sewer to run from a point opposite Mr. Lair's store east, and connect with sewer in Main street.

    (Signed,)      " St. John's Church Corporation.
                      " William H. Davis.
                      " John C. Moore.
                      " Sallie Y. Ely.
                      " William C. Conover."

The objection to the resolution mainly relied on by the prosecutor, in front of whose property the sewer is to be laid, is that the power which the council has here attempted to exercise can be lawfully exercised only by ordinance, and is therefore subject to the restrictions imposed by the charter

upon the adoption of ordinances, which were not observed in passing this resolution.

The section of the charter by which alone the prosecutor claims the power is conferred is the forty-ninth, to the effect that it shall be lawful for the council, whenever, in their opinion, the public good requires it, *by ordinance,* * * * to order and cause sewers or drains to be constructed in any part of said town, &c. If this claim be well founded, it is plain that an ordinance is requisite, and a resolution passed with less formality is insufficient and illegal. *State* v. *Bayonne,* 6 *Vroom* 335; *State* v. *Hoboken,* 6 *Vroom* 205.

But the defendant insists that this section refers to the construction of sewers at public expense, and does not embrace a mere authority to others to lay drains at their own cost; that this latter purpose is more aptly subserved by the twenty-first section, which empowers the council to make ordinances, rules, regulations and by-laws for the purpose of prescribing the manner in which corporations, firms or persons shall exercise any privilege granted to them in the use of any street, * * * or in digging up any street, * * * for the purpose of laying down pipes or any other purpose whatever. But it seems very doubtful whether this twenty-first section grants the authority which is requisite to justify the action of the council now under review. It appears to relate merely to the regulation of the mode in which streets shall be used or disturbed for the purpose of exercising some pre-existing privilege, and not to confer the right of creating the privilege. Such a power is not adequate to the purpose now sought to be accomplished. The fee of the streets is in the owners of the adjoining property; other individuals have no right to use the soil except under sanction of the public easement. The rights claimed by virtue of the present resolution are not simply that of excavating the street, but also that of building and maintaining a sewer. Both rights are within the public easement, but they are quite distinct from each other. *Glasby* v. *Morris,* 3 *C. E. Green* 72. The power of exercising and enjoying that branch of the public easement which consists in

constructing and maintaining sewers is, I think, most clearly found in the forty-ninth section, and in seeking to give effect to all the provisions of the charter, the court should deduce a power, which may possibly be claimed under several clauses, from that clause in which it most manifestly resides. This forty-ninth section was, no doubt, intended to confer the power of building public sewers at public expense and by the public authorities; but the main grant was the power of having public sewers built; by whom the work should be done, and at whose cost, were but incidental. When the legislature gave to the council express authority to order and cause public sewers to be constructed and money to be raised and paid for their construction, it impliedly empowered the council to sanction the building of such sewers at private expense; and this implied power must be exercised by the council in the same manner as is prescribed for the exercise of the express power, *i. e.*, by ordinance.

Even under the twenty-first section, it is not evident that an ordinance would not be required. The language "ordinances, rules, regulations and by-laws" is certainly, to some extent, tautological, for "ordinances" and "by-laws" are not distinguishable; and it is doubtful whether "rules" and "regulations," on the subjects embraced in this section, are not merely equivalent words. *Kepner* v. *Commonwealth*, 40 *Penna. St.* 124.

Our conclusion is that the resolution was unwarranted, and must be set aside, with costs.